**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| 1. UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>2. WOODS MANAGEMENT ENTERPRISES, LLC,<br><br>Defendant. | ) | Civil Action No. CIV-24-339-DES |

**COMPLAINT**

The United States of America, through its undersigned attorneys, by the authority of the Attorney General, alleges as follows:

**NATURE OF THE ACTION**

1. This is a civil action commenced under Section 404(s)(3) and (4) of the Clean Water Act ("CWA"), 33 U.S.C. § 1344(s)(3) and (4) to obtain injunctive relief and civil penalties against Woods Management Enterprises, LLC ("Defendant") for the violation of Department of Army Permit No. SWT-2016-221 by failing to compensate for the discharge of pollutants into waters of the United States covering 4.58 acres of wetlands and 3,878 linear feet of streams in Coweta, Oklahoma.

2. In this action, the United States seeks (1) injunctive relief requiring Defendant to comply with the terms of the Corps Permit by completing the required compensatory mitigation and (2) to require Defendant to pay civil penalties as provided in 33 U.S.C. § 1344(s)(4).

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over the subject matter of this action pursuant to CWA Section 404(s)(3), 33 U.S.C. § 1344(s)(3).

4. Venue is proper in the Eastern District of Oklahoma under CWA Section 404(s)(3), 33 U.S.C. § 1344(s)(3), because the Defendant conducts business in this district, the subject property is located in this district, and the cause of action alleged herein arose in this district.

5. Notice of the commencement of this action has been provided to the State of Oklahoma pursuant to CWA Section 404(s)(3), 33 U.S.C. § 1344(s)(3).

**THE PARTIES**

6. The Plaintiff in this action is the United States of America. Authority to bring this action is vested in the United States Department of Justice pursuant to 28 U.S.C. §§ 516 and 519, and 33 U.S.C.§ 1366.

7. Defendant is a limited liability company organized under the laws of Oklahoma with a business address of 15499 E 590 Rd, Inola, OK, 74036.

**STATUTORY BACKGROUND**

8. CWA section 301(a), 33 U.S.C. § 1311(a), prohibits the discharge of any pollutant by any person into navigable waters except in compliance with, *inter alia*, a permit issued pursuant to CWA section 404, 33 U.S.C. § 1344.

9. CWA section 404(a), 33 U.S.C. § 1344(a) authorizes the Secretary of the Army (the "Secretary"), acting through the Chief of Engineers, to "issue permits, after notice and opportunity for public hearings for the discharge of dredged or fill material into the navigable waters at specified disposal sites."

10. CWA section 404(s)(1), 33 U.S.C. § 1344(s)(1) provides, "[w]henever on the basis of any information available to him the Secretary finds that any person is in violation of any condition or limitation set forth in a permit issued by the Secretary under this section, the Secretary

shall issue an order requiring such person to comply with such condition or limitation, or the Secretary shall bring a civil action in accordance with paragraph (3) of this subsection."

11. CWA section 404(s)(3), 33 U.S.C. § 1344(s)(3) provides, in part, "[t]he Secretary is authorized to commence a civil action for appropriate relief, including a permanent or temporary injunction for any violation for which he is authorized to issue a compliance order under paragraph (1) of this subsection. Any action under this paragraph may be brought in the district court of the United States for the district in which the defendant is located or resides or is doing business, and such court shall have jurisdiction to restrain such violation and to require compliance."

12. CWA Section 404(s)(4), 33 U.S.C. § 1344(s)(4) provides, in part, "[a]ny person who violates any condition or limitation in a permit issued by the Secretary under this section, and any person who violates any order issued by the Secretary under paragraph (1) of this subsection, shall be subject to a civil penalty not to exceed $25,000 per day for each violation."

13. 33 CFR § 326.6(a)(1) adjusts the civil penalty under CWA Section 404(s)(4) for inflation and provides "[u]nder Section 404(s)(4) of the Clean Water Act, judicially-imposed civil penalties may not exceed $66,713 per day for each violation."

## **FACTUAL ALLEGATIONS**

14. On or about March of 2015, Defendant and/or persons acting on its behalf began construction activities on the Coweta Crossing Development Project (the "Site").

15. The Site is located on 65-acres, with subdivided tracts, south of East 111th Street South and east of State Highway 51, within portions of Sections 35 and 36, Township 18 North, Range 15 East[1] in Coweta, Wagoner County, Oklahoma.

[1] This is the land description based on the United States Public Land Survey System.

16. On or about March of 2015, Defendant and/or persons acting on its behalf discharged dredged or fill material into waters of the United States covering 4.58 acres of wetlands and 3,878 linear feet of streams located on the Site.

17. Defendant did not obtain a permit from the Secretary of the Army, acting through the Chief of Engineers, prior to the discharge of dredged or fill material into waters of the United States, as required by CWA section 301(a) and 404, 33 U.S.C. § 1311(a), 1344.

18. Defendant conducted, contracted for, supervised, and/or otherwise controlled the activities resulting in the unauthorized discharge of dredged or fill material into waters of the United States.

19. Defendant either owned, leased, or otherwise controlled the Site when the discharge of dredged or fill material into waters of the United States occurred.

20. The United States Army Corps of Engineers, Tulsa District ("USACE") discovered the unauthorized discharge during an inspection of the Site on May 18, 2016.

21. USACE issued Defendant a cease-and-desist order on July 25, 2016.

22. Defendant engaged Eagle Environmental Consulting, Inc., to conduct a field survey and prepare a "Waters of the United States Delineation" report.

23. In October of 2016, Eagle Environmental Consulting, Inc. completed its Waters of the United States Delineation report.

24. Defendant's Waters of the United States Delineation report states in its Conclusion "A total of 3,878 feet of former creek channels … have been affected by fill material placement. The total area of wetland fill or disturbance has been calculated at 4.58 acres … [t]he preceding information has been collected and synthesized to identify and delineate those areas subject to USACE regulation and depict their locations relative to the project area."

25. Defendant, through Eagle Environmental Consulting, Inc., submitted an "after-the-fact" permit application dated January 17, 2017[2].

26. The cover letter of Defendant's after-the-fact permit application states, in part, "[d]escriptions of the project-related impacts to waters of the United States are provided in the permit application and the attached compensatory mitigation plan outlines and discusses the proposed efforts to ameliorate the unauthorized impacts thereto."

27. Along with its after-the-fact permit application, Defendant, through Eagle Environmental Consulting, Inc., submitted its "Wetland and Waterway Compensatory Mitigation Plan: Coweta Crossing Development Project" (the "Mitigation Plan")[3].

28. The Mitigation Plan states: "[a] total of 26.73 acres of combined mitigation area are proposed by this plan, which includes 17.57 acres of wetlands, 4,564 linear feet (0.70 acres) of waterway, 4.13 acres of riparian zone restoration, and 4.23 acres of riparian forest preservation."

29. Defendant's after-the-fact permit application was approved and Department of Army Permit No. SWT-2016-221 ("Corps Permit") became effective upon USACE signature on September 25, 2018[4].

30. Defendant, through J.R. Donelson, signed the Corps Permit on September 21, 2018.

31. General Condition No. 1 of the Corps Permit required Defendant to complete the authorized work by September 21, 2019.

32. Special Condition No. 5 of the Corps Permit required Defendant to implement the Mitigation Plan.

---

[2] The after-the-fact permit application is hereby incorporated by reference, and is attached hereto as Exhibit A.
[3] The mitigation plan submitted on behalf of Eagle Environmental Consulting, Inc., is hereby incorporated by reference, and is as attached hereto as Exhibit B.
[4] The after-the-fact permit is hereby incorporated by reference, and is attached hereto as Exhibit C.

33. On February 4, 2019, Defendant filed a deed restriction with the Wagoner County Clerk, State of Oklahoma, which states: "The Grantor will implement the Wetland & Waterway Compensatory Mitigation Plan, Coweta Crossing Development Project, dated May, 2017, according to Permit No. SWT-2016-221."[5]

34. On January 18, 2022, USACE identified that Defendant had not implemented the Mitigation Plan required under Special Condition No. 5 of the Corps Permit.

35. On February 4, 2022, USACE issued Defendant a notice of noncompliance with the Corps Permit.

36. On March 2, 2022, Defendant issued a response asserting that it had completed part of the required mitigation.

37. USACE and Defendant performed a site inspection on March 10, 2022, whereupon it was observed that Defendant had not implemented the Mitigation Plan as required under Special Condition No. 5 of the Corps Permit.

38. On December 2, 2022, USACE issued Defendant a compliance order pursuant to 33 U.S.C. § 1344(s)(1) and 33 C.F.R. § 326.4(d)(3) for failure to comply with the Corps Permit ("Compliance Order").

39. The Compliance Order orders Defendant to implement the Mitigation Plan within 30-days.

40. Defendant has neither responded to the Compliance Order nor completed the required Mitigation.

41. Defendant is in violation of both the Corps Permit and the Compliance Order.

[5] The Coweta Crossing Deed Restrictions is hereby incorporated by reference, and is attached hereto as Exhibit D.

## FIRST CLAIM FOR RELIEF

42. Paragraphs 1 through 41 are re-alleged and incorporated herein by reference.

43. Defendant violated the CWA by failing to implement the Mitigation Plan as required under Special Condition No. 5 of the Corps Permit.

44. The United States is entitled to injunctive relief pursuant to CWA Section 404(s)(3), 33 U.S.C. § 1344(s)(3).

## SECOND CLAIM FOR RELIEF

45. Paragraphs 1 through 41 are re-alleged and incorporated herein by reference.

46. Defendant violated the CWA by failing to implement the Mitigation Plan as required under Special Condition No. 5 of the Corps Permit.

47. Defendant violated the CWA by failing to implement the Mitigation Plan as ordered under the Compliance Order.

48. Defendant is liable for civil penalties pursuant to CWA Section 404(s)(4), 33 U.S.C. § 1344(s)(4).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, the United States of America, respectfully requests that this Court grant it the following relief:

That Defendant be enjoined to undertake measures to implement the Mitigation Plan as required under Special Condition No. 5 of the Corps Permit;

That Defendant be assessed a civil penalty under CWA section 404(s)(4), 33 U.S.C. § 1344(s)(4), for violation of the Corps Permit and Compliance Order; and

Any further relief this Court deems just and proper.

DATED this 19th day of September, 2024.

Respectfully submitted,

CHRISTOPHER J. WILSON
United States Attorney

*/s/Joshua M. Mitts*
Joshua M. Mitts, NYB 5639786
Alexander J. Sisemore, OBA #31225
Assistant United States Attorneys
520 Denison Avenue
Muskogee, OK 74401
Phone: (918) 684-5111
Phone: (918) 684-5130
Email: Josh.Mitts@usdoj.gov
Email: Alexander.Sisemore@usdoj.gov