IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 24-CV-339-RAW-DES |
| | ) |
| WOODS MANAGEMENT ENTERPRISES, LLC, | ) |
| | ) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION**

This matter comes before the Court on Defendant, Woods Management Enterprises, LLC's ("Defendant") Motion to Dismiss the United States of America's ("Plaintiff") Complaint pursuant to Fed. R. Civ. P. 12(b)(6). (Docket No. 8). On October 23, 2024, United States District Judge Ronald A. White referred this case to Magistrate Judge D. Edward Snow for all pretrial and discovery matters, including dispositive motions, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72. (Docket No. 15). For the reasons set forth below, the undersigned Magistrate Judge RECOMMENDS Defendant's Motion to Dismiss be DENIED.

I.   **Background**

On September 19, 2024, Plaintiff filed its Complaint against Defendant under Section 404(s)(3) and (4) of the Clean Water Act ("CWA"). (Docket No. 2 at 1). Plaintiff's Complaint alleges that on or about March 2015, Defendant began construction activities on the Coweta Crossing Development Project (the "Site"). *Id.* at 3. During this project, Plaintiff alleges Defendant "discharged dredged or fill material into waters of the United States covering 4.58 acres of wetlands and 3,878 linear feet of streams located on the Site" without obtaining a permit to do so. *Id.* Plaintiff discovered Defendant's unauthorized discharge during an inspection on May 18, 2016.

*Id.* In response, Plaintiff issued a cease-and-desist order, and Defendant generated a "Waters of the United States Delineation" report through a third-party consultant, which concluded that 4.58 acres of wetland had been impacted by the discharge and delineated those areas subject to United States Army Corps of Engineers ("USACE") regulation. *Id.* at 4.

On January 17, 2017, Defendant applied for an "after-the-fact" permit application, which included "[d]escriptions of the project-related impacts to waters of the United States . . . ." as well as a compensatory mitigation plan. *Id.* at 5. The after-the-fact permit application was approved and was titled "Department of Army Permit No. SWT-2016-221" ("Corps Permit"). *Id.* Included in the permit was a condition that "required Defendant to implement the Mitigation Plan," and another condition required the Defendant to complete the required mitigation work by September 21, 2019. *Id.* On January 18, 2022, Plaintiff discovered that the mitigation work had not been completed and issued a notice of noncompliance to Defendants on February 4, 2022. *Id.* at 6. Defendant responded on March 2, 2022, asserting that it had completed part of the required mitigation. *Id.* A subsequent inspection confirmed to Plaintiff that the Mitigation Plan had not been implemented as required under the Corps Plan, and on December 2, 2022, a compliance order pursuant to 33 U.S.C. § 1344(s)(1) and 33 C.F.R. § 326.4(d)(3) was issued. *Id.* Defendant neither responded to the Compliance Order nor completed the required Mitigation. *Id.*

Finding that the compliance order was not obeyed, Plaintiff filed a Complaint on September 19, 2024. *Id.* at 1. The Complaint relies on the authority of 33 U.S.C. § 1344(s)(3) and (4). 33 U.S.C. § 1344(s)(3) permits the Government to commence actions for relief (including the injunctive relief that Plaintiff claims in its petition) for any violation for which it is authorized to issue a compliance order. 33 U.S.C. § 1344(s)(4) discusses the civil penalties for violating a permit condition.

On October 7, 2024, Defendant filed its Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), arguing Plaintiff has failed to plead a plausible claim for relief against Defendant and that Plaintiff's claims are barred as untimely under 28 U.S.C. §2462. (Docket Nos. 8, 9).

**II.     Analysis**

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief. Courts would generally embrace a liberal construction of this pleading requirement and allow complaints containing only conclusory allegations to move forward unless factual impossibility was apparent from the face of the pleadings. *Robbins v. Oklahoma* 519 F.3d 1242, 1246 (10th Cir. 2008). However, the U.S. Supreme Court's decision in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), announced a new standard that held to withstand a motion to dismiss, a complaint must contain enough allegations of fact to state a claim in which relief is plausible on its face. *Id.* at 570. This does not mean all facts must be presented at the time of the complaint, but merely that the complaint must "give the defendant fair notice of what the claim . . . is and the grounds upon which it rests." *Id.* at 555 (quotation omitted). Therefore, "if [allegations] are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible." *Robbins,* 519 F. 3d at 1247. Courts are to always construe the allegations of a Complaint in a light most favorable to the Plaintiff; however, "the court will not read causes of action into the complaint which are not alleged." *Arnold v. City of Tulsa, Oklahoma*, No. 09CV811, 2010 WL 3860647, at *3 (N.D. Okla. Sept. 30, 2010) (citing *Superior Kitchen Designs, Inc. v. Valspar Indus. (U.S.A.), Inc*., 263 F.Supp.2d 140, 148 (D. Mass. 2003)).

It is not enough for the plaintiff to plead facts "merely consistent" with the defendant's liability – "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

3

statements, do not suffice." *Ashcroft v. Iqbal* 556 U.S. 662, 678 (2009). Instead, a plaintiff must state enough facts to nudge his claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. "A complaint is 'plausible on its face' if its factual allegations allow the court to 'draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Doe v. Sch. Dist. No. 1*, 970 F.3d 1300, 1309 (10th Cir. 2020) (quoting *Iqbal*, 556 U.S. at 678).

Defendant argues that Plaintiff fails to state a plausible claim for relief in its claim for violation of a permit under 33 U.S.C. § 1344(s)(3) due to the absence of any facts in the Complaint alleging that the United States had jurisdiction to issue or enforce the Corps permit, specifically the absence of any facts alleging that the "wetlands" referred to in the Complaint qualified as waters of the United States ("WOTUS"). (Docket No. 9 at 5-6). Defendant bases its argument on the U.S. Supreme Court decision in *Rapanos v. United States,* 547 U.S. 715 (2006), wherein the Court attempted to clarify the appropriate test for jurisdiction over wetlands and identify what may or may not qualify as WOTUS. Docket No. 9 at 6). The Supreme Court established the following standard in *Rapanos*:

> First, that the adjacent channel contains a "wate[r] of the United States," (*i.e.,* a relatively permanent body of water connected to traditional interstate navigable waters); and second, that the wetland has a continuous surface connection with that water, making it difficult to determine where the "water" ends and the "wetland" begins.

*Rapanos,* 547 U.S. at 742. Defendant argues that this standard was one of two discussed in *Rapanos*, and so it was unclear at the time of its publication which of these represented a definitive test for which "wetlands" qualified as WOTUS. (Docket No. 8 at 6-8). This, however, was clarified in *Sackett v. EPA*, which requires the party asserting jurisdiction over adjacent wetlands to establish:

> "first, that the adjacent [body of water constitutes] . . . 'water[s] of the United States, (i.e., a relatively permanent body of water connected to traditional interstate

4

> navigable waters); and second, that the wetland has a continuous surface connection with that water, making it difficult to determine where the 'water' ends and the 'wetland' begins.

*Sackett v. EPA,* 598 U.S. 651, 678-79 (2023). Defendant argues that the correct application of this decision "requires at a minimum, in the context of a Rule 12(b)(6) motion, for the Complaint to allege "facts" showing that the two-part test has been satisfied rather than allowing the Government to jump to the conclusion that the Site is comprised of wetlands." (Docket No. 9 at 2). Defendant alleges that without the showing that the Site comprised of wetlands under the CWA, this Court lacks subject matter jurisdiction.

Under Fed. R. Civ. P. 12(b)(1) a party may assert a defense to a complaint for lack of subject-matter jurisdiction. There are two types of Rule 12(b)(1) motions, (1) those which attack the complaint on its face, and (2) those which attack the existence of subject matter jurisdiction in fact, quite apart from any pleading. *See Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995). When there is an attack of the complaint on its face, a district court's review is similar to a Rule 12(b)(6) motion in that "a district court must accept the allegations in the complaint as true." *Id*. at 1002. However, for a Rule 12(b)(1) motion attacking the facts upon which subject matter jurisdiction exists, "a district court may not presume the truthfulness of the complaint's factual allegations." *Id*. at 1003. Accordingly, unlike a Rule 12(b)(6) motion, consideration of a Rule 12(b)(1) jurisdiction-type motion need not be limited since "a court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts." *Id*. Under this authority, the undersigned Magistrate Judge looks at the pleadings presented along with all attached exhibits.

Defendant argues that jurisdiction cannot be established by waiver, acquiescence or agreement, and simply because the after-the-fact permit was approved and, as argued by Plaintiff,

became effective upon USACE signature on September 25, 2018, does not mean the Corps had the jurisdiction to take any action, issue any order, or issue any permit. (Docket No. 16 at 2). Therefore, if the Corps lacked the jurisdiction to issue the after the fact permit, this Court in turn has no jurisdiction.

While it is true that Plaintiff doesn't specifically allege the satisfaction of the 2-part *Sackett* test by submitting facts either that the area consists of a relatively permanent body of water or that it is contiguous with another WOTUS; Plaintiff nevertheless goes beyond mere "conclusory statements." Attached to the original Petition is the after-the-fact permit application, which includes Defendant's own description of impacts to WOTUS. (Docket No. 2-1). This document provides factual support to the Plaintiff's classification of the relevant area as "wetlands," and by extension WOTUS. In addition, Plaintiff incorporates the mitigation plan, which was generated on behalf of Defendant by means of a third party (Eagle Environmental Consulting), and which also describes the relevant area as "wetlands." (Docket No. 2-2) Also, the Plaintiff incorporates the "Corps Permit" which, in being signed by Defendant, reflects their understanding at the time of the signing that the lands they now claim fall outside of the WOTUS classification fell into that category at the time of that signing. (Docket No. 2-3).

It is not necessary for the purposes of a motion to dismiss that the facts provided be exhaustive, but only that they facilitate a plausible claim for relief. Defendant states in their reply that due to the changing regulatory environment, "all of the 'facts' recited by Plaintiff spanning 2015-2019…[including] determinations made and actions taken based on what was believed to be the law from 2015 to 2019 have now been proven wrong by *Sackett* in 2023." (Docket No. 16 at 5.) It may be proper to reconsider old legal conclusions contained in the underlying dispute, but the incorporation of these documents into the present case does much to inform the Court regarding

the intentions of the parties and the situation regarding the area in question. Notably, Defendant seemingly operated under the conclusion that the area *was* WOTUS for much of this duration. (Docket No. 2 at 3-6). Moreover, Plaintiff alleges in its factual allegations that Defendant asserted in March 2, 2022, "that it had completed part of the required mitigation," when Plaintiff's inspection revealed this not to be the case. *Id.* at 6. The fact that both partied conducted themselves as if the area in question was WOTUS suggests that it may indeed be WOTUS. Plaintiff has provided sufficient facts between the incorporated documents and the prior history of the case to overcome Defendant's Rule 12(b)(6) argument.

Furthermore, Plaintiff argues that Defendant mischaracterizes Plaintiff's cause of action. (Docket No. 14 at 4). Plaintiff maintains that discharges into wetlands in violation of § 301(a) and 404(a) of CWA are not at issue; rather, its cause of action is for Defendant's failure to comply with the affirmative obligations of a valid permit under Section 404(s) of the CWA, 33 U.S.C. § 1344(s). Plaintiff argues the Complaint establishes that Defendant applied for and received an after-the-fact permit relying on Defendants' own WOTUS delineation report and Mitigation Plan and that Defendant had until September 21, 2019, to complete the work laid out in the permit, but failed to do so. (Docket No. 14 at 4-5). It is this failure to complete the work as required under the permit which forms the factual basis for the United States' cause of action for civil penalties and injunctive relief. *Id.* at 5. Defendant argues that the after-the-fact permit must have been valid for civil penalties to be warranted, and asset forth above, Plaintiff has sufficiently alleged facts to establish the permit was valid.

Defendant also argues that Plaintiff's claims have expired pursuant to the five-year statute of limitations. (Docket No. 9 at 14). Defendant alleges that the underlying CWA violation occurred in March 2015, which is when the 5-year statute of limitations began to run. *Id.* However, since

7

Plaintiff's allegations are centered on the Defendant's failure "to implement the Mitigation Plan as required under Special Condition No. 5 of the Corps Permit" and its "fail[ure] to implement the Mitigation Plan as ordered under the Compliance Order," (Docket No. 14 at 8), Defendant could not have been in violation until September 21, 2019. Thus, the statute of limitations for an enforcement action based on the permit requirements is five years after September 21, 2019. Accordingly, Plaintiff's action, which was filed on September 19, 2024, is just within the statute of limitations.

### III.     Conclusion

Based on the foregoing, the undersigned Magistrate Judge finds that Plaintiff has adequately pled a plausible claim for relief under § 404(s)(3) and (4) of the Clean Water Act. The Complaint, along with its incorporated exhibits, provides sufficient factual allegations to support the assertion that the impacted areas qualified as "waters of the United States," and that Defendant was subject to and failed to comply with the conditions of a validly issued permit. The undersigned Magistrate Judge therefore RECOMMENDS Defendant's Motion to Dismiss under Rule 12(b)(6) be DENIED, as Plaintiff's claims meet the plausibility standard set forth in *Twombly* and *Iqbal*. Furthermore, because Plaintiff's claims are based on Defendant's failure to complete mitigation obligations by September 21, 2019, and the action was filed within five years of that date, the claims are not barred by the statute of limitations under 28 U.S.C. § 2462. Accordingly, the undersigned Magistrate Judge thereby RECOMMENDS Defendant's Motion to Dismiss under Rule 12(b)(1) for lack of subject-matter jurisdiction and under Rule 12(b)(6) for failure to state a claim be DENIED.

Any objections to this Report and Recommendation must be filed within fourteen days. *See* 18 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Any objections and response shall each be limited to 10 pages and a reply is permitted only with leave of court upon a showing of good cause.

DATED this 30th day of September, 2025.

_____
D. Edward Snow
United States Magistrate Judge