IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 24-CIV-339-RAW-DES |
| | ) | |
| **WOODS MANAGEMENT ENTERPRISES, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

Before the court is the defendant's objection and response to the Report and Recommendation of the United States Magistrate Judge. The Magistrate Judge recommended denial of the defendant's motion to dismiss. A timely objection having been filed, the court must conduct a de novo review of the issues specifically raised by the objection, and "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *See* Rule 72(b)(3) F.R.Cv.P.

The undersigned incorporates by reference the excellent factual discussion contained in the Report and Recommendation. Although

defendant relies on Rule 12(b)(6) F.R.Cv.P. [failure to state claim], the Magistrate Judge correctly noted that Rule 12(b)(1) [lack of subject-matter jurisdiction] is implicated as well.

The complaint alleges that in 2015, defendant began construction activities in Coweta, Oklahoma. During the course of the work, defendant discharged prohibited material into "waters of the United States," a term of art under the CWA. The United States Army Corps of Engineers issued a cease-and-desist order in 2016. Defendant applied for an "after-the-fact" permit in 2017, and also submitted a Mitigation Plan. The application was approved and the permit became effective in 2018.

In 2019, defendant filed a deed restriction with the Wagoner County Clerk, State of Oklahoma, which states: "The Grantor *will implement*" the Mitigation Plan. (emphasis added). In January, 2022, the Corps of Engineers determined that defendant had not implemented the Mitigation Plan as required by the permit. In December, 2022, the Corps of Engineers issued a compliance order to defendant. No additional work has been done, and therefore (it is alleged) defendant is in violation of both the Corps Permit and the Compliance Order.

The complaint alleges it is brought pursuant to Section 404(s)(3) and (4) of the Clean Water Act ("CWA") [33 U.S.C. §1344(s)(3) and (4)].

Section 1344(s) authorizes the Secretary of the Army to issue compliance orders and commence civil actions against any person who "is in violation of any condition or limitation set forth in a permit issued by the Secretary under this section," and imposes civil penalties for violations of "any condition or limitation in a permit issued by the Secretary under this section."

In *Rapanos v. United States,* 547 U.S. 715 (2006), the United States Supreme Court considered the definition of "waters of the United States" and that definition's relationship to jurisdiction over "wetlands." The plurality opinion held that wetlands were within "waters of the United States" if they (1) are adjacent to a relatively permanent body of water connected to traditional navigable waters and (2) are linked to that water through a continuous surface connection with that water, making it difficult to determine where the water ends and the wetland begins. *Id.* at 742. A concurring opinion argued for a "significant nexus" test.

In *Sackett v. Environmental Protection Agency,* 598 U.S. 651 (2023), the Court essentially agreed with the *Rapanos* plurality. Defendant correctly notes that the plaintiff's complaint does not allege that the property in question comes within the *Sackett* test. Accordingly, defendant contends this court lacks jurisdiction. Defendant rejects any

argument that its previous entry into a compliance order establishes jurisdiction, noting that subject matter jurisdiction cannot be conferred or waived by consent, estoppel, or failure to challenge jurisdiction early in the proceedings. *See Hahn v. Privilege Underwriters Reciprocal Exchange,* 2021 WL 6062902, *3 (N.D.Okla.2021)(citing cases).

The issue in the case at bar, however, is that jurisdiction is not premised on consent or inaction by the defendant, but rather by statute. For a permit violation, the Secretary is authorized to commence a civil action and the action may be brought "in the district court of the United States for the district in which the defendant is located or resides or is doing business," and "such court <u>shall have jurisdiction</u>" over the action. 33 U.S.C. §1344(s)(3) (emphasis added).

The issue here is whether *Sackett* is retroactive to the extent that it renders the statute's jurisdictional mandate nugatory regarding an alleged permit violation which took place years before the *Sackett* decision was rendered. This court has found no authority on this precise point. The court also sees no authority that recitation of the "*Sackett* test" is necessary (in an action of this type) to survive a motion to dismiss. The court elects to deny the pending motion.

4

It is the order of the court that the defendant's objection and response (#21) is hereby denied. The Report and Recommendation (#19), as supplemented by this order, is affirmed and adopted as the order of the court.

The motion of the defendant to dismiss (#8) is denied.

**ORDERED THIS 20th DAY OF OCTOBER, 2025.**

_____
**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**